```
              UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF NEW HAMPSHIRE
```

Christopher L. Legere

   v.                              Civil No. 14-cv-111-LM
                                       Opinion No. 2014 DNH 111
New Hampshire Department
of Corrections, Commissioner
William Wren, et al.


**O R D E R**

Before the court is prisoner Christopher L. Legere's complaint. Legere asserts a due process challenge to being identified in state prison records as a gang member. Legere also asserts First Amendment claims challenging the prison's rejection of Christmas cards sent to him by the Outlaws Motorcycle Club ("Outlaws"), a group of which he has been a member, on the basis that the group is not a prison gang, and equal protection claims on the grounds that other inmates are allowed to receive Christmas cards from their friends and loved ones. The matter is before this court for preliminary review under 28 U.S.C. § 1915A.

**Standard**

In determining whether a pro se pleading states a claim, the court construes the pleading liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). Disregarding any legal

conclusions, the court considers whether the factual content in the pleading and inferences reasonably drawn therefrom, taken as true, state a facially plausible claim to relief. Hernandez-Cuevas v. Taylor, 723 F.3d 91, 102-03 (1st Cir. 2013) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

**Discussion**

I.   Due Process Claim

Legere asserts that prison officials deprived him of due process by identifying him as a gang member in the absence of specific written policies, and by failing to remove that finding from his records after he filed grievances concerning that issue. Liberty interests protected by Due Process Clause in prison settings "will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995) (citations omitted).

Legere asserts, as grounds for finding an atypical impact, that the gang member label renders him ineligible for early release under a bill currently pending in the state legislature, see N.H. H.B. 649 ("[t]he earned time reductions . . . shall

only be earned and available to prisoners while in the least restrictive security classifications," and "may be forfeited for involvement or membership in a security threat group"), and would also render him unlikely to receive other modifications or discretionary suspensions of his sentence in the future. Legere's assertions, however, are entirely speculative, and do not provide any basis for this court to find a due process violation. Legere -- presently serving a sentence for second degree murder in an enhanced classification status (with a minimum release date in 2051) -- has not shown that the gang member label in his records presently deprives him of any protected liberty interest, or will certainly deprive him of any such interest in the future. Cf., e.g., Reid v. Stanley, No. 04-CV-369-JD, 2006 WL 1875335, at *4 (D.N.H. July 6, 2006) ("New Hampshire has not created a liberty interest in the opportunity for parole.").

Legere further contends that prison officials violated his right to due process by finding him to be a gang member in the absence of any relevant prison policy or guidance concerning gang affiliation. Legere does not have a protected interest, however, in having particular standards in place governing prison officials' determination as to his gang membership.

Furthermore, Legere cannot base a due process claim on his failure to obtain a desired outcome from a grievance. See Leavitt v. Allen, 46 F.3d 1114, 1995 WL 44530, at *2 (1st Cir. 1995) (unpublished table decision) ("prison regulations which establish a grievance procedure cannot give rise to a liberty interest because they confer only procedural protections, not substantive rights, upon the inmates who may use the grievance procedures"). Legere has thus not stated any plausible due process claim under § 1983.

## II. Rejected Mail

### A. First Amendment

Legere has alleged that prison officials violated his First Amendment rights by rejecting cards sent to him by the Outlaws Motorcycle Club.[1] Legere has failed to allege any facts, however, undermining the prison's stated security rationale for

---

[1] A greeting card depicting a skull and cross-pistons sent to Legere from his "1% Brothers in Eau Claire," is attached to the complaint as an example of the rejected mail. Legere suggests that prison officials may have been influenced by unsubstantiated reports on the Outlaws. But see United States v. Deitz, 577 F.3d 672, 676 (6th Cir. 2009) ("the Outlaws have a history of secrecy and violence, and are also well-known for retaliating against witnesses and informants" (citing U.S. Department of Justice reports)); United States v. Starrett, 55 F.3d 1525, 1533 (11th Cir. 1995) ("Witnesses testified that the term "one-percenter"—usually depicted by the symbol "1% er"—is motorcycle gang parlance meaning that the club is comprised of the one percent of the overall biker population who maintain total independence from society, and who are known to cause the most trouble, or "'raise the most hell.'").

rejecting the mail, and there are no allegations suggesting that the rejection of the mail was an exaggerated response to that legitimate penological concern.  See generally Turner v. Safley, 482 U.S. 78, 87 (1987); see also Beard v. Banks, 548 U.S. 521, 528 (2006).  Prison officials' failure to reject all such letters addressed to Legere over time, does not, without more, demonstrate that the rejection of the cards at issue was an exaggerated response to such concerns.  Accordingly, Legere has failed to state a plausible First Amendment claim under 42 U.S.C. § 1983, relating to the rejection of that mail.

    B.   Equal Protection

Legere contends that prison officials violated his right to equal protection by allowing other inmates to receive Christmas cards from loved ones, while rejecting cards sent to him from the Outlaws.  There is a rational basis, however, for distinguishing between the cards from the Outlaws, and other mail.  Legere has not alleged any facts suggesting that there is any policy or practice of denying him such cards while allowing other similar gang-related correspondence to other inmates.  Stripped of legal conclusions, Legere's complaint fails to state any plausible equal protection claim.  See Ashcroft, 556 U.S. at 678.

<u>Conclusion</u>

For the foregoing reasons, this court will dismiss this complaint, with prejudice, unless Legere, within thirty days of the date of this order, files an amended complaint stating a plausible federal claim.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

May 20, 2014

cc: Christopher L. Legere, pro se

LBM:nmd